UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRODERICK COOPER, ET AL.** | CIVIL ACTION |
| **VERSUS** | NO:     10-2054 |
| **WAL-MART STORES, INC., ET AL.** | SECTION: "C" (4) |

### ORDER

Before the Court is a **Motion for Leave to File Second Supplemental & Amending Petition/Complaint (R. Doc. 26.),** filed by the plaintiffs, Broderick Cooper and Sandra Anthony Cooper (collectively, "Cooper"), seeking leave of this Court to supplement and amend the original Complaint. (R. Doc. 26-11, p. 1.) Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC (collectively, "Wal-Mart") oppose this motion. (R. Doc. 28.) Plaintiffs filed a response in support of the motion. (R. Docs. 31, 38.) The motion was heard on the briefs on May 11, 2011.

### I.     Background

This diversity matter was originally filed on June 18, 2010, in the Civil District Court for the Parish of Orleans, State of Louisiana.[1] (R. Doc. 1, p. 1) The case was removed to this Court on July 22, 2010. (R. Doc. 1.) Plaintiffs are residents of and domiciled in the Parish of Ascension, State of Louisiana. Defendant, Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of

---

[1] The original complaint was filed in state court as *Broderick Cooper and Sandra Anthony Cooper v. Wal-Mart Stores, Inc. and ABC Ins. Co.*, No. 2010-6247, Section 15-B.

business in Bentonville, Arkansas.  (R. Doc. 1, p. 3)  Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas.

On July 23, 2009, Broderick Cooper slipped and fell in a puddle of liquid while walking through the Wal-Mart store in Algiers, Louisiana.  (R. Doc. 1-2, ¶ 3.)  At the time of the incident, the Wal-Mart was undergoing remodeling, which included the relocation and reinstallation of refrigerated and frozen appliances.  (R. Doc. 1-2, ¶ 5.)  Plaintiffs generally allege that the aforesaid slip and fall was the result of Wal-Mart's negligence and failure to exercise reasonable care in inspecting for and/or preventing water from leaking from the refrigerated produce bunkers during relocation, failing to properly warn shoppers, and failing to timely discover and clean up water on the floor.  (R. Doc. 1-2, ¶¶ 6-10.)

As a result of his slip and fall, Cooper sustained injuries to his elbow, shoulder, and neck resulting in him undergoing a cervical diskectomy and fusion procedure.  (Rec. Doc. 1-2 ¶ 18.)  He further alleges he has sustained  physical pain and suffering (past, present and future), mental anguish and psychic trauma (past, present and future), medical and rehabilitation expenses (past, present and future), inconvenience, discomfort, loss of enjoyment of life, disability, loss of earnings and earning capacity (past, present and future), and other damages for which he is entitled to recover. (Rec. Doc. 1-2 ¶ 19.)  At the time of the incident, Sandra Anthony Cooper was married to Broderick Cooper and, as a result of the injury sustained by her husband, she contends that she suffered loss of consortium, service and society for which she is entitled to recover damages.  (Rec. Doc. 1-2 ¶ 20.)

As to the instant motion, Cooper seeks to amend the complaint to add Thompson Construction Company, Inc. ("Thompson"), a Louisiana Company, the general contractor for the

remodeling work.  (R. Doc. 26, ¶ 4.)   Cooper also seeks to assert a claim against Boatright Company, Incorporated ("Boatright"), the subcontractor hired by Thompson.  (R. Doc. 26, ¶ 4.) Cooper also seeks to assert a spoilation of evidence claim against Walmart for its failure to lcoate certain photographs of the site of the Plaintiff's accident.  Defendants oppose the motion insofar as the Plaintiffs seek to add Thompson, because their joinder in this matter would destroy diversity jurisdiction.  (R. Doc. 26-11, p. 2)  Defendants do not oppose the addition of Boatright or the spoilation of evidence claim.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs the amendment of pleadings and provides that a "court should freely give leave when justice so requires."  The Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so.  *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.  *Id.*

However, leave to amend is by no means automatic.  *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court.  *Id*.  In exercising its discretion, the trial

court may consider such factors as: (1) undue delay, bad faith, or dilatory motive by the movant; (2) the repeated failure to cure deficiencies by previously allowed amendments; (3) undue prejudice to the opposing party if the amendment is allowed; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

If the court concludes, however, that the motion to amend the complaint will add a non-diverse defendant in a removed case, "the court should scrutinize the amendment more closely than it does an ordinary amendment." *Campagna v. Averitt Express, Inc.*, CIV.A.99-10007, 1999 WL 386652 (E.D. La. June10, 1999) at *1. Accordingly, the Court reads the requirements of Rule 15 in conjunction with 28 U.S.C. § 1447(e). Title 28 U.S.C. § 1447(e) provides in part that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This is such a case. In *Hensgens v. Deere &Co.*, the Fifth Circuit articulated four criteria that the court considers when balancing the defendant's interest in maintaining its chosen forum with the interests of the plaintiff. *See* 833 F.2d 1179, 1182 (5th Cir. 1987). The court considers "(1) the extent to which joinder of the non-diverse defendant is sought to defeat diversity; (2) whether the plaintiff has been dilatory in seeking to add the party; (3) whether the plaintiff will be significantly injured if the requested amendment is not allowed; and (4) any other factor bearing on the equities." *Jackson v. Wal-Mart Stores, Inc.*, CIV.A.03-2184, 2003 WL22533619, at *2 (E.D. La. Nov.5, 2003) (*citing Hensgens*, 822 F.2d at 1183).

### III.  Analysis

Neither party contends that at the time the Plaintiffs filed the instant matter in state court, or when Wal-Mart filed its Notice of Removal, that the Plaintiffs were aware that Thomas

Construction, or its general contractor, Boatright Company, may have played a roll in the incident about which the plaintiff complains.[2] The parties further agree that the Plaintiffs' Complaint should be amended to add Boatright as a Defendant due to recently acquired evidence which suggests that it may have played some role in the incident which is the subject of this suit.  As an additional matter, the parties do not dispute the proposed Amended Complaint to the extent it seeks to assert a claim for spoliation of evidence arising out of Wal-Mart's inability to locate certain photographs by failing to retrieve them and placing them in an incident folder.  Thus, the only issue for the Court is whether the Plaintiffs are entitled to amend the Complaint to join Thompson, a Louisiana corporation authorized to do business in this state, as a Defendant, which will destroy diversity jurisdiction.

When faced with a motion to amend "naming a new nondiverse defendant in a removed case, [the Court] should scrutinize that amendment more closely than an ordinary amendment"[3] and apply a balancing test devised by the Fifth Circuit. "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits"[4] including (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not

---

[2] When courts analyze the first *Hensgens* factor, they consider "whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schingler v. Charles Schwab* & Co., CIV.A.05-0082, 2005 WL1155862, (E.D. La. May12, 2005) at *3.  Courts have concluded "that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knows of a non-diverse defendant's identity. . . suggests that the purpose of the amendment is to destroy diversity." *Id.*

[3] *Hensgens v. Deere*, 833 F.2d at 1182.

[4] *Id.*

5

allowed, and (4) any other factors bearing on the equities.[5] "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor."

In considering this issue, the Court is required to assess whether the post-removal joinder of Thompson is a result of the Plaintiff's delay in bringing a motion for leave to amend a pleading to join this non-diverse party. Here, the Plaintiffs concede that they first became aware of Thompson's existence in November 2010. The pleadings submitted to this Court for review do not provide support for the proposition that the Plaintiffs attempt to add Thompson Construction was because of newly discovered evidence after November 2010 of any conduct taken by Thompson that may have resulted in the plaintiff's injury. Instead, the only evidence submitted by the Plaintiff relates to Boatright's actions regarding the above-captioned matter.

For example, the Plaintiffs indicate that in response to a subpoena duces tecum issued to Thompson, which sought the plans, drawings, description of the work being performed, photographs, documents regarding the refrigeration equipment and rugs or mats placed near the equipment, it received log sheets which were signed by Boatright employees that outline the work performed in the Walmart store by Boatright.[6] The Plaintiffs fail to indicate in their written submission whether the production of this information resulted in a conclusion that somehow Thompson contributed in any way to the injury about which the plaintiff complains. At present, the Court has not been provided with any evidence that Thompson Construction may have been lax in its supervision of Boatright as it performed its contractual duties.

The next issue is whether the Plaintiffs would be prejudiced if the Court does not allow the

---

[5]Id.

[6]Exhibit 3, log entries of July 22, 2009, July 27, 2009, August 4, 2009, and September 24, 2009.

amendment to add Thompson as a Defendant. Thus the Court will consider whether Thompson is an indispensable party to the litigation or whether Cooper could receive full recovery without Thompson added as a Defendant. The Plaintiffs contend that it will be prejudiced if Thompson is not added as a Defendant because Wal-Mart cannot be held responsible for the fault of an independent contractor. The Plaintiffs further argue that Thompson, as a general contractor, can be responsible for the negligence of its subcontractor, Boatright, if it had the right to exercise control over the work performed by the contractor. Plaintiffs contend that Thompson had this control pursuant to the contract between Thompson and Boatright.

The Plaintiffs, however, failed to provide the Court with any evidence that suggests that Thompson failed to exercise control over the work performed by Boatright. They contend that it was not until they deposed Jason Spencer, a Boatright employee in April, 2010, that it had enough information to assert a claim against both Thompson and Boatright. However, the testimony provided in support of the motion is the testimony of Jason Spencer does not relate to Thompson's supervision, or lack thereof, of Boatright. The only testimony relating to supervision which was provided to the Court indicates that it was the practice of Wal-Mart to have some one come look to see if they were performing their work and in a safe manner for the customers. (R. Doc. 31-4, Exh. 4, p. 29.)

Similarly, the Plaintiffs further provided the deposition testimony of Brittany Nicol Bingham in support of its motion. (R. Doc. 26-4, Exh. 3.) However, the deposition transcript of Bingham is devoid of any testimony related to Thompson or any failure of Thompson to supervise Boatright.

Contrary to the suggestions of the Plaintiffs, there has been no new evidence produced to suggest that Thompson failed to properly inspect the areas where its subcontractors were working for spills that may pose a risk to customers entering the store the next morning. Plaintiff's have

utilized many of the discovery tools in its toolbox and other than having the contract which was produced in November 2010, no new evidence regarding Thompson has been developed that would support the need to include Thompson as a party in this case.[7] Certainly, considering the evidence produced to date, Thompson is not an indispensable party and the plaintiffs would not suffer significant injury if Thompson were not a party to this matter.

Additionally, the Court acknowledges that Wal-Mart, as a diverse defendant, has a compelling interest in maintaining its choice of federal forum which will be prejudiced by this amendment if granted. *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987) (the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum."). After review of the law and the evidence, the Court finds that the balance of interests in this case does not favor allowing the plaintiffs amended complaint as to include Thompson Construction Company, a non-diverse party, as a defendant in this litigation .(*Myers v. Allstate Texas Lloyd's,* 2011 WL 846083 ( E.D. Tex., 2011) citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Cavallini,* 44 F.3d at 264 ("[I]t would have been futile to grant the motion [to amend], because a complaint amended post-removal cannot divest a federal court of jurisdiction.")).

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Cooper's **Motion for Leave to File Plaintiff's Second**

---

[7]Further the court finds that the only evidence the Plaintiffs point to that raises an issue of negligence potentially is the contract which Wal-Mart produced in November 2010.  Consequently, if the contract is the basis of the claim which the plaintiffs seek to assert against Thompson, they were dilatory in their efforts to add it as a new party to this matter because the proposed amendment was not submitted until April 2011, five (5) months after this evidence was discovered.

**Supplemental & Amending Petition/Complaint (R. Doc. 26)** is hereby **GRANTED in PART and**

**DENIED in PART:**

- **IT IS GRANTED** to the extent that the proposed amendment asserts a claim against Boatright Company, Incorporated and to the extent it seeks to add claim for spoilation of evidence against Walmart.

- **IT IS DENIED** to the extent the proposed amendment seeks to assert a claim against Thompson Construction Company. The Plaintiff shall re-file an Amended Complaint in accordance with the ruling herein within **five (5)** days of the signing of this Order.

New Orleans, Louisiana, this 16th day of August, 2011

_____

**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**